MICHAEL J. ELIA (ISBN 5044)
MOORE & ELIA, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID MORGAN,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION; BRENT REINKE, KEVIN KEMPF; JEFF ZMUDA; SHANNON CLUNEY; SHANE EVANS; HOWARD YORDY; RANDY BLADES; GARRETT COBURN; LEROY PENEKU; JEANETTE HUNTER; JEFF KIRKMAN; DAN COPELAND; and JOSH TEWALT,<br><br>Defendants. | Case No. 1:15-cv-0062-CWD<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM** |

### INTRODUCTION

COMES NOW Defendant Idaho Department of Corrections ("IDOC"), by and through its counsel of record, Moore & Elia, LLP, by special appearance, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Dist. Idaho Loc. Civ. R. 7.1, and hereby submits this memorandum of points and authorities in support of its Partial Motion to Dismiss for Failure to File a Tort Claim.

## FACTUAL BACKGROUND

The Plaintiff is David Morgan, a prisoner incarcerated at Idaho State Correctional Institution (ISCI). On February 26, 2015, Mr. Morgan filed a pro se Prisoner Civil Rights Complaint with the U.S. District Court for the District of Idaho, in the above-entitled lawsuit. (Complaint) (Docket No. 3). The Complaint named as the Defendants the "Idaho Department of Corrections" and ten of its employees, in their individual and official capacities. *Id.* The Complaint alleges State and Federal causes of action for the Defendants' failure to provide Mr. Morgan with a kosher diet and for the removal of his alternate vegan diet. (*Id.*, pgs. 16-19). Mr. Morgan also alleges that Defendants substantially burdened his sincerely held religious beliefs by removing him from genealogy classes provided by the IDOC. *Id.*

Mr. Morgan's single state claim alleges that IDOC's actions violated his protected religions practices in violation of Idaho's Free Exercise of Religious Protection Act ("FERPA"), Idaho Code §§ 73-401 to 73-404. (Complaint, pg. 19) (Docket No. 3). On May 11, 2015, this Court issued an Initial Review Order, finding Plaintiff's claims colorable and allowing this case to move forward to its current posture. (Initial Review Order) (Docket No. 9). However, Plaintiff failed to file a tort claim with the Idaho Secretary of State within 180 days of the date his claims arose. (See, *Affidavit of Lisa Mason ("Mason Aff.")*).

## STATEMENT OF THE LAW

Under the Idaho Tort Claim Act ("ITCA"), Idaho Code § 6-905 sets forth the tort claim filing requirements when bringing a lawsuit against the state of Idaho or its employees. It states:

> All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment <u>shall be presented to and filed with the secretary of state</u> within one hundred eighty (180) days from the date the claim

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 2

> arose or reasonably should have been discovered, whichever is later.

Idaho Code § 6-905 (emphasis added).

It is well-settled that complying with the notice requirement "is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate." *Banks v. Univ. of Idaho*, 118 Idaho 607, 608, 798 P.2d 452, 453 (1990); *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987); *See also,* Idaho Code § 6-908 ("No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act.")

## ANALYSIS

FERPA, Idaho's equivalent of the federal Religious Freedom Restoration Act (RFRA), is a state statute, and the violation thereof is a state tort claim. (*See*, Idaho Code §§ 73-401-73-404). The IDOC is a state-created governmental organization and the additional ten Defendants named by Mr. Morgan are state employees. Accordingly, Mr. Morgan's state FERPA claim must be dismissed unless he presented and filed sufficient notice of his claim to the Idaho Secretary of State within 180 days from the date the claim arose. Mr. Morgan never filed a tort claim with the Idaho Secretary of State. As the record demonstrates, it is undisputed that Mr. Morgan failed to file a tort claim as required by Idaho Code § 6-905 and his FERPA claim (Complaint, ¶ 101) must be dismissed with prejudice.

## CONCLUSION

Mr. Morgan failed to file a tort claim as required by Idaho Code § 6-905. Consequently, the Court should dismiss Mr. Morgan's state FERPA claim against these Defendants.

DATED this 10th day of July, 2015.

                                                MOORE & ELIA, LLP.

                                                Michael J. Elia, of the firm
                                                Counsel for Defendants, specially appearing

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2015, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| David Morgan #69215<br>ISCC, Unit B-111-B<br>P.O. Box 70010<br>Boise, Idaho 83707<br>*Pro Se* | ✓ U.S. Mail, postage prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Facsimile Transmission<br>___ E-Mail |

                                                Michael J. Elia