MICHAEL J. ELIA (ISBN 5044)
CHRISTOPHER F. BROWN (ISBN 9328)
MOORE & ELIA, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID MORGAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IDAHO DEPARTMENT OF CORRECTION; BRENT REINKE; KEVIN KEMPF; JEFF ZMUDA; SHANNON CLUNEY; SHANE EVANS; HOWARD YORDY; RANDY BLADES; GARRETT COBURN; LEROY PENEKU; JEANETTE HUNTER; JEFF KIRKMAN; DAN COPELAND; and JOSH TEWALT,<br><br>　　　　Defendants. | Case No. 1:15-cv-0062-CWD<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM** |

## **INTRODUCTION**

COMES NOW Defendant Idaho Department of Corrections ("IDOC"), by and through its counsel of record, Moore & Elia, LLP, by special appearance, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Dist. Idaho Loc. Civ. R. 7.1, and hereby submits this reply brief in support of *Defendants' Motion to Partially Dismiss for Failure to File a Tort Claim* ("*Defendants' Motion to Partially Dismiss,"*) (Docket No. 18). For the reasons set forth below

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 1**

and in Defendants' prior briefing[1], it is respectfully submitted that no genuine dispute as to any issue of material fact exists and that Defendants are entitled to judgment as a matter of law. Accordingly, this Court should grant *Defendants' Motion to Partially Dismiss* and dismiss Plaintiff's lawsuit with prejudice.

## ANALYSIS

1. **PLAINTIFF FAILED TO FILE HIS NOTICE OF TORT CLAIM WITH THE IDAHO SECRETARY OF STATE**

In *Plaintiff's Memorandum in Opposition to Defendants' Motion to Partially Dismiss* ("*Plaintiff's Opposition*"), filed August 3, 2015, he states that he "did file a tort claim with the Idaho Secretary of State on August 21, 2014, within 180 days of the final denial of his prisoner grievance." In *Plaintiff's Declaration in Opposition to Defendants' Motion to Partially Dismiss* ("*Plaintiff's Declaration*") he states, "I submitted a Notice of Claim to the Secretary of State as required by law to inform them of my intent to sue. I placed the tort claim notice into an envelope purchased from commissary and submitted it to Unit 9 staff for mailing on August 21, 2014." (Docket No. 21-2, ¶ 14). Also included as an attachment to *Plaintiff's Declaration*, was a copy of the Notice of Tort Claim he allegedly submitted to an Idaho State Correctional Institution, Unit 9 staff member for mailing to the Idaho Secretary of State. (Docket No. 21-6, "Exhibit L"). The Notice bears no markings that indicate it was received by an employee of the Secretary of State's office, or the IDOC. Plaintiff now argues that the document he allegedly provided prison staff to mail to the Secretary of State's office, accompanied by the statements made in *Plaintiff's Declaration*, create a genuine issue of material fact and allow his state FERPA claims to survive. (Docket No. 21-1, p. 4).

---

[1] Defendants herein incorporate and restate each and every point and argument made in Defendants' July 10, 2015 *Memorandum in Support of Defendants' Motion to Partially Dismiss for Failure to File a Tort Claim* (hereinafter "*Defendants' Memo. in Supp.*").

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 2**

Defendants included in their *Motion to Partially Dismiss*, an Affidavit of Lisa Mason, an employee at the Idaho Secretary of State's office. (Docket No. 18-2). Ms. Mason performed a search of the State's database for tort claims filed by David Morgan as made against the Idaho Department of Corrections. (*Id.*) She found no such Tort Claim. (*Id.* at ¶ 3). Upon receiving *Plaintiff's Opposition*, Defendants requested Ms. Mason to perform another search of the State's tort claim filings by Mr. Morgan against the Idaho Department of Corrections, this time with a copy of Plaintiff's "Exhibit L," "Notice of Tort Claim." (See, *Aff. of Mason*). Again, Ms. Mason's search produced no such Tort Claim. (*Id.*) Mr. Morgan failed to file his Tort Claim in this matter, and his state FERPA claims should be dismissed with prejudice.

2. **PLAINTIFF FAILED TO FILE A NOTICE OF TORT CLAIM ADDRESSING HIS REMOVAL FROM A KOSHER-ALTERNATIVE VEGAN DIET AND ALLOWED THE 180 DAY FILING PERIOD, PROVIDED BY IDAHO CODE § 6-905, TO EXPIRE**

In this Court's initial review order, three factual claims alleged by the Plaintiff survived, as follows: "that Defendants have denied him a kosher diet, removed him from a kosher-alternative vegan diet, and removed him from a genealogy class in which Plaintiff was learning about his Jewish ancestors." (Docket No. 9, pp. 1-2). Although all three of these claims passed initial review under the state FERPA analysis, only Plaintiff's claim that he was denied a kosher diet was addressed in his alleged Tort Claim Notice. (Docket No. 21-6, "Exhibit L"). All other state claims were barred when the one hundred eighty (180) filing period provided by *Idaho Code § 6-905* expired. No claim shall be allowed against a governmental entity or its employees unless the claim has been presented and filed. *Idaho Code § 6-908*.

Plaintiff's "Exhibit L" bearing a date of August 21, 2014, states under Cause of Damages: "[t]he Department of Correction has failed to offer me a kosher diet to meet my religious needs causing me to sin and violate the basic tenents of my faith on an ongoing daily basis." (Docket No.

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 3**

21-6, "Exhibit L"). "Exhibit L" makes no mention that he was removed from his kosher-alternative vegan diet.

Under the Idaho Tort Claims Act, "[a]ll claims against the state . . . and all claims against an employee of the state . . . shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered." *Idaho Code § 6-905* (emphasis added). Plaintiff has failed to allege in "Exhibit L" that he was removed from a kosher alternative vegan diet. According to the Idaho Tort Claims Act, his failure to bring forward this state claim necessitates that his FERPA claim on that issue be dismissed with prejudice.

Additionally, the one hundred and eighty (180) day filing period provided for in the Idaho Tort Claims Act expired on this claim; that he was removed from a kosher-alternative diet. Plaintiff claims to have mailed "Exhibit L" on August 21, 2014. However, Plaintiff was suspended from his kosher-alternative diet for an August 22, 2013 violation for consuming a main line meal that was not in accordance with his selective diet. (See, Docket No. 21-4, "Exhibit C"). Plaintiff filed his Grievance on September 4, 2013, requesting to be reinstated to his selective diet. (Docket No. 21-4, "Exhibit D"). His administrative appeal was exhausted when it was denied by Warden Randy Blades and returned back to him on September 16, 2013. (*Id.*) Plaintiff then filed another concern form on September 13, 2013, again requesting a "meat-free diet." (Docket No. 21-4, "Exhibit E"). On October 3, 2013, Plaintiff initiated the grievance process, which was exhausted on October 28, 2013, when Warden Randy Blades denied his appeal and returned the results to Mr. Morgan. (*Id.*)

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 4**

The administrative exhaustion dates of both of these Grievances, September 16, 2013 and October 28, 2013, represent the time at which Plaintiff's claim arose. August 21, 2014, the date Plaintiff claims to have filed his Notice of Tort Claim, exceeds the one hundred and eighty (180) filing period provided by *Idaho Code § 6-905* to file a Tort Claim with the Secretary of State. As such, Plaintiff's FERPA claim related to his removal from a kosher alternative vegan diet should be dismissed with prejudice.

### 3. PLAINTIFF FAILED TO FILE A NOTICE OF TORT CLAIM ADDRESSING HIS CLAIM THAT HE WAS REMOVED FROM A GENEALOGY CLASS

Plaintiff's "Exhibit L" was allegedly delivered to IDOC staff to be filed on August 21, 2014. However, it was not until after that date that his claim with regards to the genealogy class arose. On December 3, 2014, that Plaintiff's application for genealogy class was denied. (*Plaintiff's Declaration*, Docket No. 21-2, ¶ 18). Plaintiff submitted a concern form on December 8, 2014, requesting reinstatement into the class. (*Id.*; Docket No. 21-2, "Exhibit R"). On December 17, 2014, Plaintiff submitted a Grievance on the matter, which was appealed, denied, and returned to Plaintiff on January 20, 2015. (Docket No. 21-2, ¶ 20; "Exhibit V"). "Exhibit L" failed to mention any issue related to genealogy classes, and no claim has been submitted to the Secretary of State corresponding to this claim. As such, his FERPA claim on this issue must be denied according to *Idaho Code § 6-905*, which requires all claims be presented and filed with the Secretary of State within one hundred and eighty (180) days from the date the claim arose.

### CONCLUSION

Mr. Morgan failed to file a tort claim as required by *Idaho Code § 6-905*. Additionally, his claims related to denial of a kosher alternative diet and removal from genealogy classes fail to comply with the Idaho Tort Claims Act. Defendants respectfully request the Court dismiss Mr. Morgan's FERPA claims.

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
PARTIALLY DISMISS FOR FAILURE TO FILE A TORT CLAIM - 5**

DATED this 20th day of August, 2015.

                            MOORE & ELIA, LLP

                            By_____
                                Michael J. Elia, of the firm
                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2015, I caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| David Morgan #69215<br>ISCC, Unit B-111-B<br>P.O. Box 70010<br>Boise, Idaho 83707<br>*Pro Se* | ✓ U.S. Mail, postage prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Facsimile Transmission<br>___ E-Mail |

                                _____
                                Michael J. Elia