UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID MORGAN,<br><br>      Plaintiff,<br><br> v.<br><br>IDAHO DEPARTMENT OF CORRECTION; BRENT REINKE; KEVIN KEMPF; JEFF ZMUDA; SHANNON CLUNEY; SHANE EVANS; HOWARD YORDY; RANDY BLADES; GARRETT COBURN; LEROY PENEKU; and JEANETTE HUNTER, in their official capacities; and JEFF KIRKMAN; DAN COPELAND; and JOSH TEWALT, in their individual and official capacities,<br><br>      Defendants. | Case No. 1:15-cv-00062-CWD<br><br>**ORDER** |

  Plaintiff David Morgan, a prisoner in the custody of the Idaho Department of

Correction (IDOC), is proceeding pro se and in forma pauperis in this civil rights action.

Pending before the Court are (1) Defendants' Rule 12(b)(6) Motion to Partially Dismiss

**ORDER - 1**

for Failure to File a Tort Claim (Dkt. 18); and (2) Plaintiff's Motion for a Preliminary Injunction (Dkt. 20). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1.

All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 16.) Accordingly, the Court enters the following order

## BACKGROUND

Plaintiff's claims center around his Jewish faith. Plaintiff alleges that Defendants have (1) denied him a kosher diet, (2) removed him from a kosher-alternative vegan diet, and (3) removed him from a genealogy class in which Plaintiff was learning about his Jewish ancestors. (Compl., Dkt. 3.) Plaintiff alleges that all of these actions have substantially burdened his sincerely held religious beliefs.

The Court previously reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and determined that it stated colorable claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Idaho Free Exercise of Religion Protected Act (FERPA), and the Equal Protection Clause of the Fourteenth Amendment. (Dkt. 9 at 8-9.)

**ORDER - 2**

## DEFENDANTS' MOTION TO PARTIALLY DISMISS

Defendants argue that Plaintiff's FERPA claims must be dismissed because Plaintiff did not file a notice of tort claim as required by the Idaho Tort Claims Act (ITCA), Idaho Code §§ 6-901 through 6-929.

**1.      Standard of Law**

Defendants bring their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if there is a lack of any cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court generally should not consider materials outside the pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and any document referred to in (even if not appended to) the complaint, where the authenticity of such a document is not in question. *Id*. at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies, *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

**ORDER - 3**

Because both parties have submitted evidence outside the pleadings, the Court will treat Defendant's Motion to Partially Dismiss as a motion for partial summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, there must be no *genuine* dispute as to any *material* fact in order for a case to survive summary judgment. Material facts are those "that might affect the outcome of the suit." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party is entitled to summary judgment if that party shows that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)

**ORDER - 4**

& (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *So. Ca. Gas Co.*, 336 F.3d at 889.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or in opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-moving party, *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31, the Court is not required to adopt unreasonable

**ORDER - 5**

inferences from circumstantial evidence, *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

**2.     Discussion**

The ITCA provides that all claims against a political subdivision, "and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment," must be "presented to and filed with the clerk or secretary of the political subdivision" within 180 days from the date the claim arose. Idaho Code § 6-906. A "claim" under the ITCA is "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee." *Id.* § 6-902(7). "No claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." *Id.* § 6-908.

Defendants have met their initial burden of showing that Plaintiff did not file a notice of tort claim. According to Lisa Mason, the Administrator of Legislative and Executive Affairs for the State of Idaho, the Secretary of State's Office never received a notice of tort claim from Plaintiff with respect to his current claims. (Aff. of Lisa Mason, Dkt. 18-2, ¶¶ 2-3.) Therefore, the burden shifts to Plaintiff to come forward with facts establishing a genuine dispute as to whether he sent a notice of tort claim to the Secretary of State.

Plaintiff has met this burden. Plaintiff has submitted a declaration stating that he did, indeed, send a notice of tort claim to the Secretary of State's Office within the 180-

**ORDER - 6**

day time period required by the ITCA. (Decl. of David Morgan, Dkt. 21-2, ¶ 14.) Plaintiff has attached a copy of the purported notice as Exhibit L to his Declaration. This notice describes Plaintiff's complaint as follows: "The Department of Correction has failed to offer me a kosher diet to meet my religious needs[,] causing me to sin and violate the basic tenets of my faith on an ongoing daily basis." (Ex. L to Morgan Decl., Dkt. 21-6 at 9.)

Although Defendants respond that the notice "bears no markings that indicate it was received by an employee of the Secretary of State's office, or the IDOC" (Dkt. 23 at 2), the Court must draw all reasonable inferences in the light most favorable to Plaintiff, the non-moving party. On the current record, a reasonable factfinder could (1) conclude that Plaintiff placed the notice of tort claim into the prison's mail system for delivery by the U.S. Postal Service to the Secretary of State's office, and (2) infer that, because it was placed into the mail, the document was actually received by that office. *See Schutz v. Jordan*, 141 U.S. 213, 219-20 (1891) ("[I]f a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.") (quotation omitted). Therefore, with respect to Plaintiff's FERPA claim that he has been denied a kosher diet, Defendants' Motion will be denied.

However, Defendants are correct that the notice of tort claim does not include any allegations that Plaintiff was removed from a vegan-alternative diet or from the

**ORDER - 7**

genealogy class. Therefore, Defendants' Motion will be granted as to these FERPA claims.

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction requiring Defendants to "provide a certified kosher diet to the Plaintiff who has a sincere religious basis for keeping kosher." (Dkt. 20 at 1.) Defendants respond that the IDOC has several selective meal plans that would meet kosher requirements, but that Plaintiff has "voluntarily remained on IDOC's mainline diet, and has not taken advantage of the non-meat dietary options available to him." (Dkt. 22 at 2.)

**1.      Standard of Law**

Federal Rule of Civil Procedure 65 governs preliminary injunction. Under Rule 65, a preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene

**ORDER - 8**

to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obliged to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3rd Cir. 1990).

**2.   Discussion**

The four *Winter* factors identified above counsel against the issuance of a preliminary injunction. First, Plaintiff has not shown that he will suffer irreparable harm if the injunction is not granted. It appears that he has the option of choosing one of several diets at IDOC that would not violate kosher dietary laws, and there is nothing in the Complaint to suggest that Plaintiff's removal from the genealogy class will cause irreparable harm.

Second, although the Complaint, liberally construed, supports an inference that the actions Plaintiff of which Plaintiff complains substantially burdened the exercise of his

**ORDER - 9**

religious beliefs, at this early stage of the proceedings the Court cannot conclude that Plaintiff is *likely* to succeed on the merits. Again, because the IDOC has several dietary options that would not require Plaintiff to violate his religious tenets, it is not likely that his religious beliefs are substantially burdened. Further, Plaintiff has not shown that he is likely to succeed on his claim that removal from the genealogy class substantially burdens his religious exercise.

Third, Plaintiff has not established that the balance of potential harm favors Plaintiff. Requiring the IDOC to institute a new, entirely separate diet just for Plaintiff outweighs the potential harm to Plaintiff in having to choose between several diets, at least some of which would not violate kosher dietary laws.

Finally, the public interest does not favor an injunction in this case. The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of prisons, because such management is a task best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 84-86, 89 (1987).

For the foregoing reasons, Plaintiff's Motion for a Preliminary Injunction will be denied.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Partially Dismiss for Failure to File a Tort Claim (Dkt. 18), construed as a motion for partial summary judgment, is GRANTED IN PART. Plaintiff's FERPA claims based on his removal

**ORDER - 10**

from a vegan-alternative diet and from a genealogy class are DISMISSED with prejudice for failure to comply with the ITCA. Defendants' Motion is denied in all other respects.

2. Plaintiff's Motion for a Preliminary Injunction (Dkt. 20) is DENIED.

3. Plaintiff's Motion Requesting Clarification (Dkt. 11) is GRANTED IN PART. Plaintiff may proceed against IDOC on his RLUIPA claims—but not his § 1983 claims—for injunctive and declaratory relief. *See Sossamon v. Texas*, 563 U.S. 277 (2011); *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

4. Defendants' Answer shall be filed no later than **14 days** after entry of this Order.

DATED: **October 28, 2015**

Honorable Candy W. Dale
United States Magistrate Judge