UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION; BRENT REINKE; KEVIN KEMPF; JEFF ZMUDA; SHANNON CLUNEY; SHANE EVANS; HOWARD YORDY; RANDY BLADES; GARRETT COBURN; LEROY PENEKU; and JEANETTE HUNTER, in their individual capacities; and JEDD KIRKHAM; DAN COPELAND; and JOSH TEWALT, in their individual and official capacities,<br><br>    Defendant. | Case No. 1:15-cv-00062-CWD<br><br>**ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL (DKT. 30)** |

      Pending before the Court is Plaintiff David Morgan's Motion for Appointment of Counsel (Dkt. 30). After reviewing the record, relevant legal authority, and Morgan's argument, the Court enters the following order denying Morgan's request for counsel.

      In the Court's initial review of Morgan's complaint, the Court denied his request for appointment of counsel. (Dkt. 9.) In support of its conclusion, the Court found that

**ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL - 1**

although, at that time, it was unable to assess the merits of Morgan's Complaint, Morgan nonetheless had articulated his claims sufficiently and that the legal issues in his case were not complex. Morgan now argues that because he suffers from clinical depression, anxiety, and post-traumatic stress disorder, he cannot mentally or emotionally cope with the stress of litigation without assistance of counsel.[1]

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Morgan alleges various physicians diagnosed him with the above alleged mental illnesses; however, Morgan does not produce documentation to support his diagnoses. Likewise, Morgan has not provided any medical documentation to the Court to show that his alleged mental illnesses prevent him from pursuing his claims. For these reasons, Morgan's request is denied. *See Clary v. Blades*, No. CV-06-502-S-EJL, 2008 WL 161907, at *1 (D. Idaho Jan. 16, 2008) (denying appointment of counsel because Plaintiff failed to offer evidence supporting Plaintiff's allegations as to why his alleged injury prevented him from pursuing his claims). If the Court later determines that an evidentiary

---

[1] Plaintiff alleges also that Defendants failed to produce certain discovery requests. Plaintiff does not need counsel to seek the Court's assistance to compel discovery, if such assistance is appropriate.

**ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL - 2**

hearing is required or that counsel should be appointed for another reason, it will reconsider that issue on its own.

**IT IS SO ORDERED.**

Dated: **December 21, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER RE: MOTION FOR APPOINTMENT OF COUNSEL - 3**