David Morgan
69215
ISCC I-119-B
P.O. Box 70010
Boise, ID 83707

Plaintiff pro se

U.S. COURTS
JAN 11 2016
Rcvd____Filed____Time____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID MORGAN,
    Plaintiff,
vs.
IDAHO DEPARTMENT OF CORRECTION;
BRENT REINKE; KEVIN KEMPF; JEFF
ZMUDA; SHANNON CLUNEY; SHANE EVANS;
HOWARD YORDY; RANDY BLADES; GARRETT
COBURN; JEANETTE HUNTER; IDAHO STATE
BOARD OF CORRECTION; DEBRA FIELD; DAVID
McCLUSKY; CINDY WILSON, in their official
capacities; and JEFF KIRKMAN; DAN
COPELAND; JOSH TEWALT, in their
individual and official capacities,
    Defendants.

1:15-CV-00062-CWD

SECOND AMENDED

COMPLAINT

COMES NOW, David Morgan, Plaintiff in the above-entitled action and hereby files this Second Amended Complaint and offers the following in support thereof:

## INTRODUCTION

The Idaho Department of Correction has refused to

SECOND AMENDED COMPLAINT - 1

provide a kosher diet to the Plaintiff. This forces the Plaintiff, David Morgan, to violate his core religious beliefs on a daily basis and imposes a substantial burden on his religious exercise in violation of the Religious Land Use and Institutionalized Persons Act of 2000, as well as the First and Fourteenth Amendments to the United States Constitution, and the Free Exercise of Religion Protected Act. Plaintiff seeks declaratory and injunctive relief as well as monetary damages to remedy Defendants' violation of Plaintiff's civil rights under the law and to ensure that the Idaho Department of Correction implements sustainable reforms which guarantee religious freedoms protected by the United States Constitution and state and federal laws.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).
2. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.
3. The declaratory and injunctive relief as well as damages sought are authorized by 42 U.S.C. 2000cc-3(G) and 28 U.S.C. §§ 2201 and 2202, Rule 65 of the Federal Rules of Civil Procedure, and Idaho Code § 73-402.

SECOND AMENDED COMPLAINT - 2

4. Venue is proper in the District of Idaho pursuant to 28 U.S.C § 1391 (b)(2). Defendants operate 13 facilities in the District of Idaho and all events, actions and/or omissions giving rise to the Complaint occurred in Idaho.

## PARTIES

### A. Plaintiff

5. David Morgan is a state prisoner incarcerated at the Idaho State Correctional Center ("ISCC") in the county of Ada, state of Idaho, and is in the custody and care of the Board of Correction ("Board") and the Idaho Department of Correction ("IDOC").

### B. Defendants

6. Idaho Department of Correction incarcerates the Plaintiff. According to *The 2014 Idaho Legislative Fiscal Report*, IDOC receives federal funding and is an "institution" within the meaning of 42 U.S.C. §§ 2000cc-1(a) and 1997 and is correctly named under 42 U.S.C. §§ 2000cc-2(a) and 2000cc-5(4)(A)(ii).

7. Brent Reinke is the former Director of the IDOC. As Director he was legally responsible for the overall operation of the IDOC and each institution under its jurisdiction. Reinke personally approved policy 403 - Religious Practices

SECOND AMENDED COMPLAINT - 3

on 09/20/2007 which proscribed the creation of an Standard Operating Procedure ("SOP") that included religious diets. Reinke also personally approved SOP 403.02.01.001 - *Religious Activities* on 04/08/2014 which limits religious diets to those already available through the selective diet program. Reinke was the ultimate decision maker with the authority to approve and enforce all IDOC policies. Reinke is named in his official capacity.

8. Kevin Kempf is the current Director of the IDOC. Kempf approved SOP 404.02.01.001 - *Diets for Offenders: Selective, Medical, Special Provision, and Infirmary* on 02/25/2013. This SOP does not include provisions for religious diets. Kempf is the ultimate decision maker with the authority to approve and enforce all IDOC policies. Kempf is named in his official capacity.

9. Jeff Zmuda is the current Chief of the Division of Prisons, IDOC. Zmuda is responsible for ensuring that facility heads and other staff implement SOPs. Zmuda was previously Deputy Chief of the Division of Prisons, IDOC. In that role Zmuda was responsible for designating persons to serve on the Religious Activities Review Committee ("RARC"). Zmuda is named in his official capacity.

10. Shannon Cluney is the current Deputy Chief of the Division of Prisons, IDOC. Cluney is responsible for promulgating SOPs to fulfill IDOC directives and designating persons to serve on the RARC.

SECOND AMENDED COMPLAINT - 4

Under SOP 316.02.01.001- *Grievance and Informal Resolution Procedure for Offenders*, Cluney was the Appellate Authority for Plaintiff's prisoner grievance No. II 140000153 regarding kosher diets. Cluney is named in his official capacity.

11. Shane Evans is the Chief of the Division of Education, Treatment and Re-Entry, IDOC and is the oversight authority for food services to prisoners. Evans authorized the current SOP for selective diets which does not include religious diets. Evans is named in his official capacity.

12. Howard Yordy is the facility head at ISCI. Yordy is responsible for appointing members of the facility Religious Activities Oversight Committee ("RAOC"). In accordance with SOP 316.02.01.001 Yordy was the appellate authority for Plaintiff's grievance No. II 140000153, denying Plaintiff a kosher diet. Yordy is named in his official capacity.

13. Randy Blades is the facility head at ISCC. Blades is responsible for appointing members to the facility RAOC. Plaintiff is currently housed under his custody and care and the violations of Plaintiff's rights continue under Blades' care. Blades is named in his official capacity.

14. Garrett Coburn is the current Deputy Warden of Operations at ISCI. Coburn oversees both religious activities and food services at ISCI. Coburn was the Review Authority for Plaintiff's grievance No. II 140000153, pursuant to SOP

SECOND AMENDED COMPLAINT-5

316.02.01.001. Coburn is named in his official capacity.

15. Jeanette Hunter is the Food Service Manager ("FSM") at ISCI. Hunter is the level one responder to prisoner grievances relating to food services at ISCI pursuant to SOP 316.02.01.001 and responded to Plaintiff's grievance No. II 140000153. Hunter is named in her official capacity.

16. Jeff Kirkman is a member of the RARC. In accordance with SOP 403.02.01.001 his responsibilities include: reviewing facility RAOC recommendations, reviewing and updating IDOC SOPs, and advising the Deputy Chief on issues relating to religious activities. Kirkman knew or should have known that the religious activities policy he promulgated would violate Plaintiff's clearly established rights by not including a kosher diet. Kirkman is named in his individual and official capacities.

17. Dan Copeland is a member of the RARC. In accordance with SOP 403.02.01.001 his responsibilities include: reviewing facility RAOC recommendations, reviewing and updating IDOC SOPs, and advising the Deputy Chief on issues relating to religious activities. Copeland is a Deputy Attorney General and serves as a legal advisor to the Deputy Chief. Copeland knew or should have known that the religious activities policy he promulgated would violate Plaintiff's clearly established rights by

not including a kosher diet. Copeland is named in his individual and official capacities.

18. Josh Tewalt is a member of the RARC. In accordance with SOP 403.02.01.001 his responsibilities include: reviewing facility SOPs and advising the Deputy Chief on issues relating to religious activities. Tewalt knew or should have known that the Religious Activities policy he promulgated would violate Plaintiff's clearly established rights by not including a kosher diet. Tewalt is named in his individual and official capacities.

19. Idaho State Board of Correction is responsible for administering all of the state penetentiaries, and the implementation of rules to govern the operations of the IDOC. The Board approved IDAPA 06.01.01 Section 403 - Inmate Religious Practices which does not include provisions for kosher or religious diets or, if intended to include religious diets, was not enforced by the Board. Idaho State Board of Correction is named in its official capacity.

20. Debra Field, David McClusky and Cindy Wilson are members of the Board and are responsible for the management of the duties of the Board and the oversight of the IDOC. They are responsible for the implementation of all statutes, rules, directives, policies, procedures, SOPs and field memorandums that are used to manage the operations of the 13 prison facilities statewide. Field, McClusky and Wilson are named in their official capacities.

SECOND AMENDED COMPLAINT- 7

## FACTS

21. This action arises and is brought pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, to remedy the depravation of Plaintiff's religious freedoms as set forth fully below.

22. This action arises and is brought pursuant to 42 U.S.C. § 1983 to remedy the depravation, under color of state law, of federal rights guaranteed by the First and Fourteenth Amendments to the United States Constitution as set forth fully below.

23. This action arises and is brought pursuant to the Free Exercise of Religion Protected act ("FERPA"), Idaho Code Title 73, Chapter 4, as set forth fully below.

24. IDOCs refusal to provide a kosher diet to Plaintiff violates his federal rights. IDOC's policies force Plaintiff to violate his core religious beliefs on a daily basis, constituting a substantial burden.

25. The substantial burden that IDOCs policies impose violate RLUIPA because they are not necessary to achieve any compelling state interest. Additionally, the denial of a kosher diet is not the least restrictive means of achieving a compelling state interest because IDOC provides numerous special and selective diets to its prisoners on a daily basis.

//
//

SECOND AMENDED COMPLAINT - 8

## IDOC Does Not Provide Kosher Diets

26. IDOC does not provide religious diets to its prisoners.

27. Instead of providing religious diets, the IDOC offers a mainline option for all meals. In addition to this option, prisoners may select monthly from four alternative diet options: lacto-ovo, vegan, healthy choice, and non-pork.

28. IDOC also provides numerous other diets for medical reasons, including prenatal diet, liquid diet, modified consistency diet, no onion diet, nut-free diet and renal diet.

29. All of the diets provided by the IDOC are prepared using pots, pans and utensils which have been used to prepare meals containing pork or pork byproducts.

30. None of the diets provided by the IDOC have been certified as kosher by the Aleph Institute or other authority on the laws of kashruth.

31. To be kosher, foods must adhere to the laws of kashruth as embodied in the Torah and Rabbinic law. These laws include:

   a) Not eating the flesh, organs, eggs or milk of an unclean animal. To be clean an animal must not have a split hoof. If an animal has a split hoof and also chews its cud it is considered to be clean. Fish are considered to be clean if they have both fins and scales;

   b) A clean animal must be slaughtered quickly and have the blood completely drained or boiled out before it

SECOND AMENDED COMPLAINT - 9

     may be consumed;
- c) Fruit, vegetables and grains are kosher but must be free from bugs and insects as bugs and insects cannot be consumed;
- d) Utensils used to serve meat may not be used to serve dairy, or vise versa;
- e) Meat and dairy may not be consumed during the same meal;
- f) Utensils which have been used to serve any unclean or non kosher food may not be used to serve a clean or kosher food or that food would no longer be kosher;
- g) A clean or kosher food may not contact an unclean or non kosher food or that food would no longer be kosher;
- h) A clean or kosher food may not be prepared, cooked, or stored in a vessel or container which has ever been used to prepare, cook or store an unclean or nonkosher food or that food would no longer be kosher.

Further guidance may be found at www.jewfacts.org/kashruth.htm.

32. On October 20, 2013 Plaintiff sent a concern form to the ISCI Volunteer and Religion Coordinator ("VRC") requesting a kosher diet under IDOC SOP 403.02.01.001 as a "New or Unfamiliar Religious Component".

33. On October 26, 2013 the VRC responded the the concern form stating that "This matter will be presented to the RAOC".

34. On January 02, 2014 the Plaintiff sent a follow up concern form

SECOND AMENDED COMPLAINT- 10

to the VRC requesting an update to his request for a kosher diet as it had been over two months since the original request.

35. On 01/04/2014 the ISCI VRC responded to the concern form stating: "There is pending litigation regarding kosher meals" and that Plaintiff can currently select from kosher items on commissary, or from the diet options available until there is some "resolution".

36. On 02/06/2014 Plaintiff submitted a prisoner grievance stating that the IDOC does not provide kosher meals, has no compelling government interest in denying kosher meals, and suggesting a least restrictive option of disposable utensils to keep costs down. The prisoner grievance was assigned number II 140000153.

37. On 02/21/2014 Defendant Coburn responded to the grievance that Plaintiff's options were to select from currently available menu options to meet his religious dietary needs.

38. On 03/05/2014 Defendant Yordy reviewed Coburn's response and agreed, denying Plaintiff's grievance.

39. On 03/24/2014 Plaintiff appealed the grievance denial.

40. On 04/10/2014 Defendant Cluney concluded the grievance process by denying Plaintiff's grievance appeal.

41. Currently there are no kosher meals provided by the IDOC.

<u>IDOC's Denial of Kosher Meals Unlawfully Burdens Plaintiff's Religious Exercise</u>

42. Keeping kosher is a sincerely held belief of the Plaintiff

SECOND AMENDED COMPLAINT- 11

and a central tenet of the practice of Judaism. IDOCs refusal to provide kosher meals to Plaintiff burdens his religious exercise by forcing him to consume foods which are not kosher as defined by the laws of Kashruth, are therefore unclean and defile his body and diminish his spiritual purity.

43. A substantial burden exists because it pressures Plaintiff to modify his religious adherence and violate his religious beliefs in order to eat. Plaintiff must choose between partaking in a non-trivial government benefit – his meals, health and nutrition, or his belief and adherence to the laws of Kashruth.

44. IDOCs policies are an outlier among American correctional institutions. The Federal Bureau of Prisons ("BOP") and 34 state departments of correction offer kosher meals to all prisoners with a religious basis for consuming them.

45. IDOC is capable of providing a kosher diet to Plaintiff consistent with its compelling government interests as it currently provides numerous special diets to prisoners in its custody to meet various medical and lifestyle choices.

46. IDOC created an SOP in April 1985 which proscribed religious diets. The SOP was created to comply with a Court-ordered injunction in a class action lawsuit at ISCI: 1:81-CV-1165-S-BLW (D. Idaho).

47. IDOC no longer adheres to the April 1985 Field Memorandum, violating the Court-ordered injunction.

48. The BOP and 34 states offer their prisoners kosher diets

SECOND AMENDED COMPLAINT – 12

while also maintaining the same compelling interests as the IDOC.

49. Plaintiff has no plain, adequate or complete remedy to redress these wrongs. Plaintiff has been and will continue to be irreparably harmed, by the denial of his religious exercise of consuming kosher foods, by Defendants unless this Court grants the relief sought.

## PREVIOUS LAWSUITS OR OTHER ACTIONS

50. Plaintiff has filed no other lawsuits dealing with the same facts which are involved in this action.

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

51. Plaintiff has exhausted his administrative remedies by submitting prisoner grievance no. II 146000153 and appealing the grievance to the final authority prior to filing this Complaint. Plaintiff also submitted an Offender Concern Form to the Deputy Warden of Operations at ISCC, Sue Wessels, who stated that kosher diets are not offered at ISCC.

## CLAIM FOR RELIEF

Plaintiff incorporates by reference the allegations set forth in paragraphs 1-51 as if fully set forth herein.

52. Defendants do not provide kosher meals to Plaintiff who has requested these meals to fulfill his religious beliefs.

53. Denial of a kosher diet constitutes a substantial burden

SECOND AMENDED COMPLAINT – 13

on Plaintiff's religious exercise.

54. Denial of a kosher diet is not the least restrictive means of furthering any compelling government interest IDOC may have.

55. Defendants denial of a kosher diet to Plaintiff violates RLUIPA.

56. Defendants denial of a kosher diet to Plaintiff violates the Free Exercise Clause of the First Amendment to the United States Constitution.

57. Defendants denial of a kosher diet to Plaintiff violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

58. Defendants denial of a kosher diet to Plaintiff violates FERPA.

## PRAYER FOR RELIEF

42 U.S.C. §§ 2000cc and 1983 authorize Plaintiff to seek injunctive and declaratory relief for Defendant's violation of his civil rights for failing to provide him a kosher diet.

FERPA authorizes the Plaintiff to seek injunctive and declaratory relief as well as monetary damages for Defendants' violation of his civil rights for failing to provide him a kosher diet.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a) Declare that Defendants violated RLUIPA by failing to

SECOND AMENDED COMPLAINT— 14

provide a kosher diet to Plaintiff;

b) Declare that Defendants violated the Free Exercise Clause of the First Amendment to the United States Constitution;

c) Declare that Defendants violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

d) Declare that Defendants violated FERPA by failing to provide a kosher diet to Plaintiff;

e) Issue an injunction ordering Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them to provide Plaintiff with a nutritionally adequate kosher diet, certified by the Aleph Institute, which meets federal RLUIPA guidelines, three meals per day, seven days per week, 365 days per year as well as specialty meals in observance of the Jewish holidays of Passover, Yom Kippur, Rosh Hishannah, and Chanukah in accordance with Aleph Institute instruction;

f) Issue and injunction prohibiting Defendants from enforcing the provisions of the selective diet program which would result in Plaintiff or any other prisoners removal from the kosher diets required for their religious exercise under RLUIPA;

g) A bench trial on all issues triable by a judge;
h) Plaintiff's costs in this action;
i) Monetary damages against each defendant Kirkman,

SECOND AMENDED COMPLAINT—15

Copeland and Tewalt in the amount of $5,000.00 each, for a total of $15,000.00; and

j) Order other such relief as it may appear to this Court that the Plaintiff is entitled.

DATED: January 7, 2016

Respectfully submitted,

_____
David Morgan
69215
ISCC 1-119-B
P.O. Box 70010
Boise, ID 83707

VERIFICATION

I have read the foregoing Complaint and hereby verify under penalty of perjury that the matters alleged herein are true, except as to matters alleged on information belief, and as to those, I believe them to be true.

EXECUTED at the Idaho State Correctional Center, Kuna, Ada, Idaho on January 7, 2016.

_____
David Morgan

SECOND AMENDED COMPLAINT - 16

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2016 I served a true and correct copy of the foregoing Second Ameded Complaint on the following individual by causing the same to be delivered by the method and to the address indicated below:

Counsel for the Defendants,

Michael J. Elia
Moore & Elia, LLP
P.O. Box 6756
Boise, Idaho 83707
mje@melawfirm.net

\_\_\_ U.S. Mail, postage prepaid
✓ ECF

_David Morgan_
Plaitiff pro se

SECOND AMENDED COMPLAINT — 17